UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHEN ALAN KELLOGG,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE *et al.*,

    Defendants.

Case No. C05-5378FDB

ORDER DIRECTING PLAINTIFF TO SUBMIT AN AMENDED COMPLAINT OR SHOW CAUSE WHY MATTER SHOULD NOT BE SUMMARILY DISMISSED

    This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The complaint is before the Court. After reviewing the complaint and the balance of the record, the Court finds and ORDERS as follows:

    A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

    To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by **a person** acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981)(emphasis added), overruled on other grounds, Daniels v. Williams, 474 U.S. 327

ORDER
Page - 1

(1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how **individually named defendants** caused or personally participated in causing the harm alleged in the complaint.  Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981)(emphasis added).  A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position.  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978).  A theory of *respondeat superior* is not sufficient to state a section 1983 claim.  Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

Here, plaintiff alleges agencies took certain actions or failed to do things they may have been required to do, but he names no individual people.  Further, plaintiff does not set forth any specific facts showing that defendant caused or personally participating in causing the alleged harm.

Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed by **no later than July 29th, 2005**.  The amended complaint must carry the same case number as this one.  If an amended complaint is not timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992).  Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original complaint.

The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint.  The Clerk is further directed to send a copy of this Order to plaintiff and note the July 29th, 2005 due date.

DATED this 23rd day of June, 2005.

/S/ *J. Kelley* Arnold
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 2