UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHEN A. KELLOGG,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>Defendants. | Case No.  C05-5378FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for October 21, 2005 |

This matter is before the court on plaintiff's failure to respond to the court's previous order.  For the reasons set forth below, I recommend that this complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915.

DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint.  Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir.

1981). A § 1983 suit cannot be based on vicarious liability alone, but must allege the defendants' own conduct violated the plaintiff's civil rights. City of Canton v. Harris, 489 U.S. 378, 385-90 (1989). A supervisor may be held liable only "if there exists either, (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th cir. 1991), *cert. denied* 502 U.S. 1074 (1992).

Frivolous *in forma pauperis* complaints may be dismissed before service of process under 28 U.S.C. § 1915. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Id. at 325. Leave to amend is not necessary where it is clear that the deficiencies in the complaint cannot be cured by amendment. Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984). Plaintiff's complaint should be dismissed as frivolous.

Here, on June 2, 2005, the Court Clerk received plaintiff's complaint along with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On June 24, 2005, the court granted the application and reviewed the complaint, which was found to be deficient. The court specifically explained that plaintiff failed to show how a particular individual defendant personally participated in an alleged violation. The court provided plaintiff the opportunity to cure these deficiencies and/or to amend his complaint by not later than July 29, 2005; however, to date the clerk has not received any further pleadings from the plaintiff in this matter.

## CONCLUSION

Plaintiff's complaint contains several fatal errors, and though he was given the opportunity to cure those deficiencies by filing an amended complaint, plaintiff has failed to respond to the court's order to show cause why this matter should not be summarily dismissed. Accordingly, the undersigned recommends that the Court dismiss this complaint prior to service as frivolous pursuant to 28 U.S.C. §1915.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter

REPORT AND RECOMMENDATION
Page - 2

1  for consideration on **October 21, 2005**, as noted in the caption.

2       DATED this 29th  day of September, 2005.

3

4                                      */s/ J. Kelley Arnold*
                                    J. Kelley Arnold
                                    United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3